Case 2:15-cv-00381   Document 16   Filed in TXSD on 11/30/15   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 30, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GREG SHEPPARD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-381 |
| | § | |
| KIEWIT OFFSHORE SERVICES LTD., | § | |
| | § | |
| Defendant. | § | |

### ORDER ON MOTION TO DISMISS

Before the Court is Defendant, Kiewit Offshore Services, Ltd.'s (Kiewit's) Motion to Dismiss Plaintiff's Age Discrimination Claims (D.E. 7). Kiewit complains that Plaintiff, Greg Sheppard (Sheppard) did not timely file or sufficiently raise an age discrimination claim in his charges of discrimination filed with the Texas Workforce Commission (TWC) or Equal Employment Opportunity Commission (EEOC). As a consequence, Kiewit argues, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Sheppard did not exhaust his administrative remedies and cannot now bring his age discrimination claims. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

### FACTUAL AND PROCEDURAL BACKGROUND

Kiewit hired Sheppard in April of 2012 when he was 58 years of age and terminated him on August 5, 2013, after he sought a disability accommodation for his diabetes. Kiewit argues that it terminated Sheppard because he violated a work safety rule—an allegation that Sheppard argues is pretextual. Sheppard now sues Kiewit for age

and disability discrimination as well as for retaliation against him because he sought an accommodation for a disability.  At issue here are the age discrimination claims, made under both Chapter 21 of the Texas Labor Code and the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 621 et seq.

Sheppard's first Charge of Discrimination was signed on April 7, 2014, and file-stamped with the TWC Civil Rights Division on May 21, 2014.  D.E. 12.  On the TWC form, Sheppard checked the boxes indicating that his charge of discrimination was based on retaliation and disability.  *Id*.  He did not check the box for discrimination based on age.  While he stated in the section on particulars that he suffered a hostile work environment, he did not make reference to any factual instances of age discrimination.

The TWC form indicates that it can be filed with the Equal Employment Opportunity Commission (EEOC) as well as with the TWC.  However, Sheppard filed a separate EEOC Intake Questionnaire on May 5, 2014, also alleging employment discrimination and retaliation against Kiewit.  With respect to the question, "What is the reason (basis) for your claim of employment discrimination?" he checked three boxes: Age, Disability, and Retaliation.  D.E. 11-1, p. 3.  In describing the discrimination, Sheppard recited a number of complaints relating to disability discrimination and retaliation, summing it up with, "[I]t is clear that I suffered *various forms of discrimination* during my employment with Kiewit.  However, I believe that the *focal point* of Kiewit's discriminatory actions were Kiewit's intent to discriminate against me due to my *disability*, as well as, retaliation for my request for a *reasonable accommodation*."  D.E. 11-1, p. 5 (emphasis added).

2 / 7

In response to the EEOC's request for additional information, on November 18, 2014, Sheppard's counsel recited the complaints with more detail, including specific instances of derogatory age-related comments made by Sheppard's co-workers and supervisors.  D.E. 11-1, pp. 8-9.  Despite Sheppard having checked the age discrimination box and detailing some age-related issues, neither the EEOC nor the parties followed up with investigation, briefing, or making express determinations regarding the age discrimination claim.  D.E. 14.  In fact, the EEOC's Notice of Charge of Discrimination provided to Kiewit failed to advise Kiewit of Sheppard's age discrimination claim by failing to check the ADEA box.  D.E. 14, p. 20.  On or about June 5, 2015, the EEOC issued its letter of Dismissal and Notice of Rights, stating that it had not substantiated the claims, but that Sheppard had 90 days to file this lawsuit.  D.E. 1-1; D.E. 14, p. 15.  Sheppard timely filed this action on September 3, 2015.  D.E. 1.

## DISCUSSION

### A. Texas Labor Code Claims

Kiewit makes two challenges to Sheppard's state law claims for age discrimination:  (1) they were not timely filed with the TWC, and did not culminate in a right to sue letter; and (2) Sheppard failed to include age discrimination in the TWC charge he filed.  Sheppard's response does not address the timeliness argument.  With respect to the scope of the charges of discrimination, Sheppard argues that the age discrimination claims were sufficiently related to the disability discrimination claims as to be triggered without the necessity of checking the box on the form, which is an excusable formality.  Because the record clearly shows that his claims were not timely

under Chapter 21 of the Texas Labor Code, Sheppard has failed to demonstrate subject matter jurisdiction in this Court.

Federal Rule of Civil Procedure 12(b)(1) requires dismissal for lack of subject matter jurisdiction if the court lacks statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof is on the party asserting jurisdiction—Sheppard, here. *Ramming*, 281 F.3d at 161. In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact that may be in dispute. "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

Age discrimination under Texas state law requires that an administrative complaint be filed "not later than the 180th day after the date the alleged unlawful employment practice occurred. . . . The commission shall dismiss an untimely complaint." Tex. Labor Code § 21.202. Under Texas law, the failure to timely file for administrative review is fatal to a court's subject matter jurisdiction. *City of Waco v. Lopez*, 259 S.W.3d 147, 154 (Tex. 2008). As noted, Sheppard did not try to refute this argument. His forms indicate that the discrimination ended with his termination on August 5, 2013. Consequently, his 180-day limitations period under the Texas Labor Code expired on February 1, 2014. His charges of discrimination filed with the TWC

and the EEOC two to three months later were not timely and this Court does not have subject matter jurisdiction.

The Court DISMISSES the age discrimination claims—as asserted under the Texas Labor Code—for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 752-53 (S.D. Tex. 2001) (stating that the Texas Labor Code 180-day deadline for employment discrimination claims is mandatory and jurisdictional under Texas law, making it a Rule 12(b)(1) issue rather than a Rule 12(b)(6) issue); *Richards v. Seariver Mar. Fin. Holdings, Inc.*, 59 F. Supp. 2d 616, 639 (S.D. Tex. 1998), *aff'd*, 189 F.3d 467 (5th Cir. 1999). Because the Court dismisses the state law claims on the basis of limitations, it does not reach the issue whether Sheppard's Chapter 21 charge of discrimination to the TWC included within its scope his age-related discrimination claims.

**B.   Federal Age Discrimination in Employment Act Claims**

The limitations period for making a claim under the ADEA is 300 days. 29 U.S.C. § 626(d). Under these facts, that time period expired June 1, 2014. Acknowledging that the TWC charge of discrimination, which is also a dual filing with the EEOC, was filed timely under federal law, Kiewit's motion to dismiss the ADEA claims is based on the insufficiency of that filing and its resulting investigation to trigger age-related discrimination within its scope. The Court holds that Sheppard sufficiently stated his age discrimination claim because he has demonstrated that, in addition to the TWC charge of discrimination, he filed a separate charge with the EEOC that expressly raised the claim

and Sheppard's effort to exhaust his administrative remedies is not negated by the EEOC or the attorneys' failure to focus on it.

In the EEOC Intake Questionnaire, Sheppard actually marked the age discrimination box.  Furthermore, in the course of the investigation, his counsel provided the EEOC with additional facts that specifically recounted incidents of alleged discriminatory statements related to Sheppard's age.  There is thus no question that the age discrimination allegations were included within the scope of the EEOC charge and that the EEOC had the opportunity to consider the ADEA claims.

Courts have developed a construction of the exhaustion requirement that allows a finding that a plaintiff exhausted administrative remedies—even when the charge is not expressly stated—if the scope of the EEOC investigation that can reasonably be expected to grow out of the factual allegations of an expressed charge includes the unexpressed charge.  *E.g.*, *Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir. 1993).  Kiewit now asks this Court to apply that principle in reverse and hold that if the scope of the EEOC investigation narrows the claim, leaving out an expressed charge, the expressed charge has not been exhausted.  The Court declines to do so.

Kiewit supplies no authority for the theory that a claimant must do something during the administrative investigation to further ensure his right of access to the courts by preserving error in the EEOC's consideration of his complaints.  Instead, the only requirements to avoid waiver appear to be a timely filing of the administrative claim and, upon completion of the administrative consideration of that claim, timely filing of suit.  *See Adams v. United States*, 615 F.2d 284, 288–89 (5th Cir.), *clarified on denial of reh'g*,

622 F.2d 197 (5th Cir. 1980) (per curiam) (applying the rule in a claim under the Federal Tort Claims Act); *Cook v. United States*, 978 F.2d 164, 165–166 (5th Cir. 1992) (same); *In re Pilgrim's Pride Corp.*, 803 F. Supp. 2d 591, 594 (N.D. Tex. 2011) (applying the rule in a claim under the ADEA).

Having reviewed the allegations presented to the EEOC and those included in the Complaint here, the Court concludes that the allegations are sufficient under the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) to state a claim upon which relief may be granted. The Court therefore DENIES the motion to dismiss as to the ADEA claims under both Rule 12(b)(1) and 12(b)(6).

## CONCLUSION

For the reasons set out above, the motion to dismiss is GRANTED IN PART and the age discrimination claims based on the Texas Labor Code are DISMISSED with prejudice for lack of jurisdiction under Rule 12(b)(1). The motion is DENIED IN PART with respect to the age discrimination claims based on the ADEA.

ORDERED this 30th day of November, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE